Todd BIGGS, Plaintiff–Appellant,

v.

HARTFORD FINANCIAL SERVICES GROUP, INC.; et al., Defendants–Appellees.

No. 04–17375.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2006.\*

Filed Nov. 27, 2006.

Fed. R.App. P. 34(a)(2).

---

Anthony Hall, Esq., Susan Heaney Hilden, Esq., Littler Mendelson, PC, Reno, NV, Patrick H. Hicks, Littler Mendelson, Las Vegas, NV, for Defendants–Appellees.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON **, District Judge.

### MEMORANDUM ***

This is a Title VII retaliation case. Todd Biggs appeals the district court's summary judgment in favor of his previous employer. We review a district court's summary judgment de novo.[1]

The *McDonnell Douglas* burden-shifting analysis governs actions for retaliatory discharge.[2] Assuming arguendo that Biggs made out a prima facie case, he does not dispute that his employer produced a legitimate, non-discriminatory reason for his termination. Biggs's employer stated that Biggs was fired principally because he falsified schedules and lied to his supervisor. Additionally, Biggs's employer received complaints that Biggs was staring at customers' breasts and falling asleep in meetings.

To survive summary judgment, Biggs must produce sufficient evidence to permit a reasonable jury to conclude that the stated reasons for his termination are a pretext for retaliation.[3] A plaintiff "can prove pretext either ... indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or directly, by showing that unlawful discrimination more likely motivated the employer."[4]

Biggs admits he lied and falsified records. Biggs does not dispute the supervisor's sworn statement that Biggs admitted the same before he was terminated. Rather, Biggs says he can't recall the details of the conversation. Similarly, Biggs does not dispute that his supervisor received troubling customer comments about his sales habits.

Biggs's theory that the entire office was being retaliated against for a coworker's complaint that was resolved over six months before Bigg's termination is belied by the sworn statements of the other members of Biggs's office that they have not been subject to any retaliation. No reasonable jury could find that the stated reasons for Biggs's termination were pre-

---

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Ray v. Henderson,* 217 F.3d 1234, 1239 (9th Cir.2000).

2. *Miller v. Fairchild Industries, Inc.,* 797 F.2d 727, 730–732 (9th Cir.1986) (citing *McDon-*

*nell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

3. *Id.* at 732. *Cf. St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 508, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

4. *Lyons v. England,* 307 F.3d 1092, 1113 (9th Cir.2002) (quotations omitted).

textual. Summary judgment was therefore warranted.

AFFIRMED.